# SURBURBAN COASTAL CORPORATION, etc. v. IOBST, et al.

## Case No. 84-10413

Seventeenth Judicial Circuit, Broward County

March 12, 1985

### APPEARANCES OF COUNSEL

**John M. McCormick** for plaintiffs.

**Charles A. Goff** for Raul Fernandez.

### OPINION OF THE COURT

J. CAIL LEE, Circuit Judge.

This cause, having come to be heard upon the request of the Clerk for clarification of the Order heretofore entered on March 11, 1985, on Plaintiff's Motion to Set Aside Sale filed in this cause, and the Court being otherwise fully advised in the premises, the Court amends its prior Order of March 11, 1985, to read as follows:

1. The minimum value of the property involved in the sale is Fifty Thousand Dollars ($50,000.00).

2. The property was sold at judicial sale on Friday, March 1, 1985, for the sum of One Hundred Dollars ($100.00) to the highest bidder, Raul Fernandez.

3. The large disparity in bid to value shocks the conscience of the Court.

4. As a result of the failure of the Plaintiff's agent, Abstract Company of Broward County, to attend the sale, the sale is clearly a mistake.

5. This case is governed by the principles of *Van Delinder v. Albion* and not by those of *Moore v. Dade Glass*.

IT IS THEREUPON ORDERED AND ADJUDGED:

A. The Plaintiff's Motion to Set Aside the Clerk's Sale is hereby granted.

B. The Clerk's Sale of March 1, 1985, of the hereinbelow described property is hereby set aside, and the Certificate of Sale and Certificate of Title, if issued, are vacated.

C. Surburban Coastal shall pay to Fernandez a reasonable sum of money to compensate him for his time and expense involved in the sale and in defending the Motion to Set Aside Sale, including Fernandez' attorneys' fees incurred in defending the herein Motion to Set Aside.

D. The Court retains jurisdiction of this matter for the purpose of setting a reasonable sum for those items set forth in Paragraph C. of this Order in the event the parties cannot agree, upon proper notice by any interested party.

E. Upon presentation of this Order, the Clerk shall vacate the Certificate of Sale and Certificate of Title, if issued, to Raul Fernandez, of the following described property:

Lots 17 and 18, Block 2, HOOSIER HEIGHTS, according to the Plat thereof, as recorded in Plat Book 26, Page 47, of the Public Records of Broward County, Florida,

and shall refund to Raul Fernandez the sum of One Hundred Twenty-five and 45/100 Dollars ($125.45) which he deposited with the Clerk's office as the successful bidder.